IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>**Plaintiff,**<br><br>v.<br><br>**SUPERIOR PRODUCTS INTERNATIONAL II, INC., et al.,**<br><br>**Defendants.** | Case No. 2:20-cv-02366-HLT-GEB |

**MEMORANDUM AND ORDER**

This is a case brought by Plaintiff Federal Trade Commission against Defendants Superior Products International and Joseph E. Pritchett for deceptive acts or practices in violation of Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45. Defendants filed an answer asserting several affirmative defenses, including laches. The FTC moves to strike the laches defense because laches cannot be asserted against the United States. Doc. 11. The Court finds that the United States is not subject to a laches defense here and grants the FTC's motion to strike.

**I.    BACKGROUND**

Defendants market two products, Super Them and Sunshield, which are roof and wall coatings. The FTC has alleged in its complaint (Doc. 1) that Defendants have falsely claimed their products, Super Therm in particular, have an R-value or R-value equivalent of R-19 and provide significant energy savings. R-value measures resistance to heat flow, and the greater the R-value, the greater the energy savings. The FTC alleges that Defendants falsely represented that testing established the represented R-values of Super Therm. Defendants allegedly promoted, directly and through distributors, Super Therm and Sunshield with advertising, packaging, and marketing materials that reflected false R-values or false claims about energy savings as recently as 2019,

and perhaps continuing still today. The FTC alleges that this conduct constitutes unfair or deceptive practices affecting commerce, which is prohibited by the FTC Act.

Defendants answered the complaint (Doc. 7). Although acknowledging that they previously disseminated some materials describing the energy savings of Super Therm in terms of R-values, Defendants deny they are currently doing so. Defendants acknowledge that some distributors may have older marketing materials on their websites, but they contend they have not relied on R-values to support their products since 2014.

Defendants' answer also includes several affirmative defenses, the seventh of which is at issue here. Specifically, Defendants assert that:

> Plaintiff's claims are barred by the doctrine of laches because Defendants ceased nearly all advertisements containing claims about R-value since approximately 2014. In the meantime, Defendants spent hundreds of thousands of dollars advertising Super Therm® and Sunshield on the belief that their current advertising strategy complied with the FTC Act, which prejudiced Defendants. Defendants believed their advertising strategy was compliant because Defendants called the FTC on multiple occasions to confirm that belief. On each occasion, the FTC told Defendants what they needed to do to comply, which Defendants did. The FTC's previous statements to Defendants constitute affirmative misconduct. Finally, upon information and belief, the FTC instituted this action now, more than six years after Defendants ceased nearly all advertisements containing R-value claims, for an improper purpose, namely, to stifle competition, which also constitutes affirmative misconduct.

Doc. 7 at 16. The FTC now moves to strike this laches defense on the grounds that the defense of laches may not be asserted against the United States.

## II.  STANDARD

Under Rule 12(f), a court can strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "A defense is insufficient if it cannot succeed, as a matter of law, under any circumstances." *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D.

2

647, 648-49 (D. Kan. 2009). Although motions to strike are generally disfavored, *Dolezal v. Starr Homes, LLC*, 2019 WL 587959, at *1 (D. Kan. 2019), whether to strike an affirmative defense is within the discretion of the district court, *Hayne*, 263 F.R.D. at 649. Ultimately, Rule 12(f) should be used "to minimize delay, prejudice and confusion by narrowing the issues for discovery and trial." *Id.*

## III. ANALYSIS

The FTC moves to strike Defendants' seventh affirmative defense of laches. Laches "bars a plaintiff from maintaining a suit if he unreasonably delays in filing a suit and as a result harms the defendant." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 121, (2002).[1] Since at least 1940, "the general rule [has been] that the United States is not 'subject to the defense of laches in enforcing its rights.'" *F.D.I.C. v. Hulsey*, 22 F.3d 1472, 1490 (10th Cir. 1994) (quoting *United States v. Summerlin*, 310 U.S. 414, 416 (1940)); *see also Ute Indian Tribe of the Uintah v. Myton*, 835 F.3d 1255, 1263 (10th Cir. 2016) ("[L]aches is a line of defense that usually may not be asserted against the United States."). More specifically, "laches may not be asserted against the United States in an action brought to enforce a public right or a public interest." *United States v. Distefano*, 279 F.3d 1241, 1245 n.2 (10th Cir. 2002). Although there are some limited exceptions that have been permitted in specific cases, the Tenth Circuit has generally declined to expand on those exceptions. *See Hulsey*, 22 F.3d at 1490.

The FTC argues that Defendants should be barred from asserting a laches defense because the complaint seeks consumer redress, which means this is a case brought to enforce a public right or interest. *See* Doc. 1 at 23. The Court agrees. *See Fed. Trade Comm'n v. Consumer Def., LLC*,

---

[1] The Court questions whether Defendants' seventh affirmative defense properly alleges laches. But as Defendants note, Doc. 15 at 5 n.2, the FTC has not challenged whether this defense is adequately pleaded. Accordingly, the Court focuses on whether it is a legally permissible defense against the United States.

3

2019 WL 266287, at *5 (D. Nev. 2019) ("Here, the FTC is seeking consumer redress, which renders this action an effort to enforce a public right or protect the public interest."). A laches defense is not permitted in such a case. *See Distefano*, 279 F.3d at 1245 n.2.

Many courts have similarly prohibited a laches defense against the FTC in actions brought to protect the public interest. *See, e.g.*, *Fed. Trade Comm'n v. Quincy Bioscience Holding Co.*, 2020 WL 1031271, at *2 (S.D.N.Y. 2020) ("Because the FTC brought this action to protect the public interest, there is no question of law or fact that would allow defendants to succeed on the defense of laches and waiver."); *Fed. Trade Comm'n v. Consumer Health Benefits Ass'n*, 2011 WL 13295634, at *5 (E.D.N.Y. 2011) ("This defense [of laches] is also unavailable against the Federal Trade Commission."); *Fed. Trade Comm'n v. Bronson Partners, LLC*, 2006 WL 197357, at *1 (D. Conn. 2006) ("The Second Circuit has noted that laches is not available against the federal government when it undertakes to enforce a public right or to protect the public interest."); *Fed. Trade Comm'n v. N.E. Telecomms., Ltd.*, 1997 WL 599357, at *3 (S.D. Fla. 1997) (finding that a "laches defense must fail since the doctrine of laches is not available against the Government in a civil suit to enforce a public right or to protect a public interest").[2]

Defendants do not dispute that this is the general rule. But they argue that the Tenth Circuit has acknowledged that there can be exceptions to that general rule, and that those "exceptions"—as crafted by courts outside this circuit—should apply here. Doc. 15 at 4. The Court disagrees.

First, the Court disagrees that the Tenth Circuit has offered much equivocation on the general rule that laches does not apply against the United States. *See Hulsey*, 22 F.3d at 1490 (noting that a "few courts have attempted to carve out exceptions to the general rule by allowing laches against the United States in specific cases" but declining to do so in that case); *Ute Indian*

---

[2]  The FTC's memorandum in support cites numerous other cases with similar holdings. *See* Doc. 12 at 3 n.1.

*Tribe*, 835 F.3d at 1263 (equivocating only to the extent it noted that "laches is a line of defense that <u>usually</u> may not be asserted against the United States" (emphasis added)). Defendants have not cited any Tenth Circuit cases that deviate from the general rule.

Second, the Court is not persuaded that there is a widely accepted exception that allows a laches defense where there are allegations of affirmative misconduct, as Defendants suggest. Doc. 15 at 4-5. Defendants cite three district court cases from outside the District of Kansas in support of this contention. But two of those decisions were based on a footnote in a Ninth Circuit decision.[3] In that case, the Ninth Circuit recognized the general rule that laches is not an available defense against the United States, but then noted that "[i]t <u>may</u> be that this rule is subject to evolution," but that such evolution would at bottom require a showing of affirmative misconduct. *United States v. Ruby Co.*, 588 F.2d 697, 705 n.10 (9th Cir. 1978) (emphasis added). Although some district courts appear to have adopted this "affirmative misconduct" language as an exception in fact to the general rule that the United States is not subject to a laches defense, *see* Doc. 15 at 4-5 (citing cases), the Court is not convinced the Tenth Circuit would do likewise.[4]

Third, the Court disagrees that the Seventh Circuit has "found three instances, supported by Supreme Court precedent, when laches may be asserted against the government." *See* Doc. 15 at 5 (citing *United States v. Admin. Enters., Inc.*, 46 F.3d 670 (7th Cir. 1995)). Although the Seventh Circuit explored some specific circumstances where laches was permitted as a defense against the United States, it ultimately declined to "pursue the question of the existence and scope

---

[3] The third case, *Fed. Trade Comm'n v. Nat'l Urological Grp., Inc.*, 2005 WL 8155166, at *5 (N.D. Ga. 2005), stated that the "defendants have cited to no Eleventh Circuit case, nor is the court aware of any, that holds that laches may be a defense against the government if affirmative misconduct is shown," though it subsequently allowed the laches defense to proceed for other reasons.

[4] In *Hulsey*, the Tenth Circuit discussed the requirement of affirmative misconduct in asserting an estoppel defense against the United States. *Hulsey*, 22 F.3d at 1490 (noting it is a "high hurdle for the asserting party to overcome"). But it then later declined to carve out any additional exceptions for laches. *Id.*

of a defense of laches in government suits." *Admin. Enters., Inc.*, 46 F.3d at 673. Although the Court acknowledges there certainly could be instances in which a laches defense would be held to apply against the United States, it finds no grounds in this case to deviate from the long-held and widely cited rule to the contrary.

The Court concludes that Defendants' laches defense is legally insufficient because it cannot succeed as a matter of law. *See Hayne*, 263 F.R.D. at 648-49. Striking it under Rule 12 is therefore proper. The Court further finds that striking Defendants' legally insufficient laches defense will "minimize delay, prejudice and confusion by narrowing the issues for discovery and trial." *Id.* at 649. Accordingly, the FTC's motion to strike is granted.[5]

## IV. CONCLUSION

THE COURT THEREFORE ORDERS that Plaintiff FTC's Motion to Strike Defendants' Affirmative Defense (Doc. 11) is GRANTED. Defendants' seventh affirmative defense (Doc. 7 at 16) is hereby stricken.

IT IS SO ORDERED.

Dated: December 18, 2020         /s/ *Holly L. Teeter*
                                  HOLLY L. TEETER
                                  UNITED STATES DISTRICT JUDGE

---

[5] Defendants also argue in their response that the Court should permit them to amend their answer to assert estoppel as an affirmative defense if the Court strikes its laches defense. Doc. 15 at 7. They suggest that "the Court should approve [Defendants'] amendment now if it strikes [Defendants'] laches affirmative defense" to avoid delay. *Id.* The Court declines the invitation. No such motion for leave has been filed, and the Court will not consider Defendants' informal request in their response brief. *See Albers v. Bd. of Cnty. Comm'rs of Jefferson Cnty., Colo.*, 771 F.3d 697, 706 (10th Cir. 2014) ("[A] bare request to amend in response to a motion to dismiss is insufficient to place the court and opposing parties on notice of the plaintiff's request to amend and the particular grounds upon which such a request would be based."); *see also* D. Kan. Rule 15.1(a).