IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>SUPERIOR PRODUCTS INTERNATIONAL II, INC., *a corporation*,<br><br>*and*<br><br>JOSEPH E. PRITCHETT, *individually and as an officer of* SUPERIOR PRODUCTS INTERNATIONAL II, INC.,<br><br>Defendants. | ) | Case No. 2020-CV-2366 |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS THE FEDERAL TRADE COMMISSION'S REQUEST FOR EQUITABLE MONETARY RELIEF**

The Federal Trade Commission ("FTC") sued Superior Products International II, Inc. ("SPI") and Joseph E. Pritchett "under Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), to obtain permanent injunctive relief, rescission or reformation of contracts, restitution, the refund of monies paid, disgorgement of ill-gotten monies, and other equitable relief for Defendants' acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a)." Doc. 1, ¶ 1. But "§13(b) [of the FTC Act] as currently written does not grant the Commission authority to obtain equitable monetary relief." *AMG Capital Mgmt., LLC v. FTC*, No. 19-508, 141 S.Ct. 1341, 2021 WL 1566607, at *8 (Apr. 22, 2021). Therefore, the Court should dismiss the FTC's claims for equitable monetary relief.

As an initial matter, Defendants' motion to dismiss is timely even though the deadline for filing motions to dismiss in the Court's Scheduling Order has passed because this motion is based solely on the United Supreme Court's decision in *AMG*. That decision was not issued until more than four months after the applicable deadline, so Defendants could not file their motion before the deadline passed. The Scheduling Order specifically mentions the *AMG* case and notes it may limit the FTC's authority to obtain equitable monetary relief. Doc. 18, p. 5. And Defendants preserved the affirmative defense of failure to state a claim upon which relief can be granted in their Answer. Doc. 7, p. 15. The Court should consider Defendants' motion to dismiss on the merits.[1]

Dismissal is appropriate when the Complaint does not "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The FTC's request for equitable monetary relief is no longer plausible on its face considering the Supreme Court's holding in *AMG*. In *AMG*, the Court considered "whether [15 U.S.C. § 53(b)] authorizes the Commission to seek, and a court to award, equitable monetary relief such as restitution or disgorgement." *AMG*, 2021 WL 1566607, at *1. In short order, the Court unanimously held that it does not. *Id.* at *1, *8. In this case, the FTC *only* seeks equitable monetary relief under 15 U.S.C. § 53(b). To the extent the FTC believed it could obtain equitable monetary relief from Defendants under other provisions of the FTC Act, it was free to seek to amend prior to the February 5, 2021, deadline. It chose not to, and it cannot do so now. All equitable monetary relief requested by the FTC should be dismissed from this case.

[1] Should the Court determine a motion for leave to amend the Scheduling Order is necessary, Defendants request the Court's leave to file such a motion.

Specifically, the Court should dismiss the prayer for relief in Paragraph 81(C), which requests that the Court award "such relief as the Court finds necessary to redress injury to consumers resulting from Defendants' violations of the FTC Act, including but not limited to, rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies . . . . Doc. 1, ¶ 81(C). *See also id.* at ¶¶ 8, 80. This request for relief, along with any allegation by the FTC related to equitable monetary relief, is no longer plausible on its face considering the Supreme Court's holding in *AMG*, and dismissal is appropriate.

## CONCLUSION

The United States Supreme Court ruled on an identical issue presented by this case: May the FTC obtain equitable monetary relief under Section 13(b) of the FTC Act? The Court definitively ruled the FTC could not. The Court should grant Defendants' Motion to Dismiss.

Respectfully submitted by:

FOULSTON SIEFKIN LLP

*s/Jay F. Fowler*
Jay F. Fowler, KS #10727
1551 N. Waterfront Parkway, Suite 100
Wichita, KS 67206-4466
T: 316-267-6371 | F: 316-267-6345
Email: jfowler@foulston.com

Nathaniel W. Mannebach, KS #27591
Corporate Woods, Building 32
9225 Indian Creek Parkway, Suite 600
Overland Park, KS 66210
T: 316-267-6371 | F: 866-279-1291
Email: nmannebach@foulston.com

*Attorneys for Defendants Joseph E. Pritchett and Superior Products International II, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of May, 2021, I presented the above and foregoing **DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS THE FEDERAL TRADE COMMISSION'S REQUEST FOR EQUITABLE MONETARY RELIEF** to the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

*s/Jay F. Fowler*
Jay F. Fowler, KS #10727