## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **FEDERAL TRADE COMMISSION** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 20-2366-HLT-GEB** |
| | ) | |
| **SUPERIOR PRODUCTS** | ) | |
| **INTERNATIONAL II, INC., and** | ) | |
| **JOSEPH E. PRITCHETT,** | ) | |
| | ) | |
| | ) | |
| **Defendants,** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff FTC's Motion for Leave to Amend its Complaint (**ECF No. 69**). On August 23, 2021, the Court heard oral argument. After careful consideration of all briefing and hearing arguments from counsel, the Court orally **GRANTED** Plaintiff's motion. This Order memorializes the Court's rulings from the hearing on Plaintiff's motion.

## I.      Procedural Background[1]

This case is brought by Plaintiff Federal Trade Commission against Defendants Superior Products International II, Inc. and Joseph Pritchett seeking injunctive or other

---

[1] Unless otherwise indicated, the information recited in this section is taken from the Complaint (ECF No. 1) and Answer (ECF No. 7). This background information should not be construed as judicial findings or factual determinations.

relief, including restitution under Section 13(b) of the Federal Trade Commission Act ("FTC Act"), for deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45. Two of Defendants' roof and wall coating products are at issue here; Super Therm and Sunshield. Plaintiff alleges Defendants, in their marketing of the products, falsely made claims regarding the products' R-values, a measurement of the insulating ability of the material, and they claim the products provide significant energy savings for consumers when applied to a home or other building. Plaintiff also alleges Defendants falsely represented testing supports the R-values claims of Super Therm through their advertising, packaging, website, and distributors, from at least through 2019 and perhaps continuing today. According to Plaintiff this conduct constitutes unfair or deceptive practices affecting commerce which is prohibited by the FTC Act.

Defendants answer denying they violated the FTC Act. Although, Defendants admit they previously disseminated limited materials that described Super Therm's energy savings performance in terms of R-value or R-value equivalence, they deny the claims about the energy saving performance of Super Therm were false or misleading. Additionally, they deny ever having made such claims regarding Sunshield and deny they are currently making any such claims for either product.

Following the United States Supreme Court's ruling in *AMG Capital Mgmt., LLC v. FTC*,[2] which held the FTC Act does not authorize the commission to seek, or a Court to award equitable monetary relief such as restitution, Defendants filed a Motion to Dismiss

---

[2] 141 S. Ct. 1341, 2021 WL 1566607 (April 22, 2021).

the Federal Trade Commission's Request for Equitable Monetary Relief.[3] Just a few days after Defendants filed their motion to dismiss, Plaintiff filed its Notice of Change in Law and Withdrawal of Request for Equitable Monetary Relief.[4] In its notice, Plaintiff no longer seeks equitable monetary relief but, Plaintiff affirmed its authority to seek a permanent injunction and other equitable relief remains unchanged. Plaintiff also advised it was seeking the FTC Commission's approval to amend its complaint to add claims that "since May 13, 2020, Defendants have violated and continue to violate the FTC's Trade Regulation Rule Concerning the Labeling and Advertising of Home Insulation ('R-value Rule')." Given Plaintiff's notice of withdrawal, the District Judge found Defendants' motion to dismiss as moot and denied it without prejudice.[5]

## II.     Plaintiffs' Motion for Leave to Amend its Complaint (ECF No. 69)

When Defendants did not agree to Plaintiff's multiple requests for consent to filing its Amended Complaint, Plaintiff filed the current motion. As set out in its Notice of Change in Law, Plaintiff seeks to amend to add a claim that Defendants have violated the R-value Rule since May 13, 2020, the date amendments to the rule went into effect making it applicable to Defendants.

### A.     Legal Standards

Pursuant to Fed. R. Civ. P. 15(a)(2), once a responsive pleading has been filed "a party may amend its pleading only with the opposing party's written consent or the court's

---

[3] ECF No. 38.
[4] ECF No. 41.
[5] ECF No. 64.

leave." Leave to amend shall be freely given when justice so requires and the decision to allow an amendment is within the sound discretion of the court.[6]

When a proposed amendment is offered after the deadline to amend has passed, Fed. R. Civ. P. 16(b)(4) is implicated. Rule 16(b)(4) provides a "schedule may be modified only for good cause and with the judge's consent." When considering a motion to amend filed after the deadline in the scheduling order, "judges in this District have consistently applied a two-step analysis based on both Rule 16(b) and Rule 15(a)."[7] In such cases, the court "first determines whether the moving party has established good cause within the meaning of Rule 16(b)(4) so as to justify allowing the untimely motion."[8] Only after a finding of good cause has been shown will the court proceed to the second step to evaluate whether the broader Rule 15(a) standard for amendment has been satisfied.[9]

### 1.   Fed. R. Civ. P. 16 – Good Cause

"Good cause" requires the moving party to "show that the amendment deadline could not have been met even if it had acted with due diligence."[10] The party requesting an untimely amendment "is normally expected to show good faith on its part and some

---

[6] Fed. R. Civ. P. 15(a)(2). *See also J. Vangel Elec., Inc. v. Sugar Creek Packing Co.*, No. 11–2112–EFM, 2012 WL 5995283, at *2 (D. Kan. Nov. 30, 2012) (citing *Panis v. Mission Hills Bank, N.A.,* 60 F.3d 1486, 1494 (10th Cir. 1995)).

[7] *Carefusion 213, LLC v. Pro. Disposables, Inc.*, No. 09–2616–KHV, 2010 WL 4004874, at *3 (D. Kan. Oct. 12, 2010) (citations omitted). *See also Farr v. Jackson Nat'l Life Ins. Co.*, No. 19-4095-SAC, 2020 WL 5118068, at *2 (D. Kan. Aug. 31, 2020) (citing *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014); and Fed. R. Civ. P. 16(b)(4)).

[8] *Carefusion 213* at *3.

[9] *Id.*

[10] *Id.*

reasonable basis for not meeting the deadline."[11] A lack of prejudice to the non-moving party does not "show good cause."[12]

"Rule 16's good cause requirement may be satisfied . . . if a [party] learns new information through discovery or if the underlying law has changed."[13] If "the factual basis giving rise to a claim…arguably did not arise until after the scheduling order deadline, [the movant] has shown good cause to amend the complaint in this regard."[14] But, if the plaintiff "knew of the underlying conduct but simply failed to raise" the claims, the claims are barred.[15] If the Court finds Rule 16 is satisfied, the Court then analyzes the request for amendment under Fed. R. Civ. P. 15.

### 2. Fed. R. Civ. P. 15 – Factors for Amendment

The court considers a number of factors in deciding whether to allow an amendment, including timeliness, prejudice to the other party, bad faith, and futility of amendment.[16] In exercising its discretion, the court must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities."[17] The

[11] *Livingston v. Sodexo, Inc. & Affiliated Co.*, No. 11-4162-EFM, 2012 WL 2045292, at *1 (D. Kan. June 6, 2012) (citing *Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995)).
[12] *Deghand* at 1221 (internal citations omitted).
[13] *Farr* at *2 (citing *Gorsuch*, 771 F.3d at 1240).
[14] *Sprint Commc'ns Co., L.P. v. Time Warner Cable Inc.*, No. 11-2685-JWL, 2013 WL 6589564, at *2 (D. Kan. Dec. 16, 2013) (quoting *Monge v. St. Francis Health Ctr., Inc.*, No. 12-2269, 2013 WL 328957, at *2 (D. Kan. Jan. 10, 2013) *report and recommendation adopted*, 2013 WL 328986 (D. Kan. Jan. 29, 2013)).
[15] *Gorsuch* at 1240.
[16] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Monge* at *2.
[17] *Hinkle v. Mid-Continent Cas. Co.*, No. 11-2652-JTM, 2012 WL 2581000, at *1 (D. Kan. July 3, 2012) (citing *Koch v. Koch Indus.*, 127 F.R.D. 206, 209 (D. Kan. 1989)).

Tenth Circuit has acknowledged Rule 15 is intended "to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'"[18] This is especially so in the "absence of bad faith by an offending party or prejudice to a non-moving party."[19]

Untimeliness alone is a sufficient reason to deny leave to amend, particularly when the party seeking amendment "has waited too long and cannot account for the delay."[20] In determining whether any delay was undue, the court considers both the length of the delay and the reason for its occurrence."[21]

The most important factor in deciding a motion for leave to amend is whether the amendment would "unduly prejudice the nonmoving party."[22] Thus, an amendment is typically prejudicial only if it "unfairly affects" defendants in terms of preparing a defense to the amendment.[23]

### B.   Discussion

Before delving into the discussion, setting out a brief timeline of events may be helpful to understanding the issues. On May 13, 2020, amendments to the R-value Rule went into effect which made the rule applicable to Defendants. Plaintiff filed its initial Complaint, based upon facts known to it through September of 2019, on July 28, 2020.

---

[18] *Carefusion 213,* 2010 WL 4004874, at *4 (citing *Minter,* 451 F.3d at 1204) (quoting *Hardin v. Manitowoc-Forsythe Corp.,* 691 F.2d 449, 456 (10th Cir. 1982)).

[19] *See AK Steel Corp. v. PAC Operating Ltd. P'ship,* No. 15-9260-CM, 2016 WL 6163832, at *4 (D. Kan. Oct. 24, 2016) (collecting cases; internal citations omitted).

[20] *Castanon v. Cathey,* 976 F.3d 1136, 1144 (10th Cir. 2020) (citing *Minter,* 451 F.3d at 1206).

[21] *Collins v. Wal-Mart, Inc.,* 245 F.R.D. 503, 512 (D. Kan. 2007).

[22] *Sprint Commc'ns* at *3.

[23] *Id.* (citing *Minter,* at 1208) (quoting *Patton v. Guyer,* 443 F.2d 79, 86 (10th Cir. 1971)).

The extended deadline for Plaintiff to file any motion for leave to amend was March 8, 2021. Defendants served their responses to Plaintiff's First Request for Production on January 4, 2021 and began production of documents on a rolling basis. Defendants produced approximately 162,000 pages of documents in the 30 days prior to Plaintiff's deadline to move to amend, with nearly 64,000 of those pages produced just 10 days prior to the deadline. After the deadline to amend had passed, and based upon the review of the documents produced, Plaintiff served it second requests for production.

On April 22, 2021, the United States Supreme Court handed down its ruling in *AMG Capital Mgmt., LLC v. FTC*. On May 10, 2021, Plaintiff filed its Notice of Change in Law and Withdrawal of Request for Equitable Monetary Relief. And on the same day Defendants produced another 13,000 pages of documents. On June 15, 2021, the United States Senate confirmed a fifth commissioner to the FTC, providing the FTC with full panel of commissioners needed to approve Plaintiff's proposed Amended Complaint. The commission met on June 22, 2021 and approved the proposed amendment. Plaintiff filed the current motion the same day, which was just 6 days prior to the close of discovery on June 28, 2021.

### 1. Good Cause

#### a. Newly discovered facts

Plaintiff argues that although Defendants in their Answer, their Interrogatory answers, and in motion practice, repeatedly assert they stopped making R-value claims

well before suit was filed,[24] documents produced in and after February 2021 show Defendants continued to make these claims to distributors and customers well into 2020. They argue it was not until after the deadline to amend had passed that they had the opportunity to fully review the 162,000+ pages of documents produced and learned Defendants continued to make R-value Rule claims after the time the Rule was amended and became applicable to Defendants in May of 2020. Plaintiff argues the falsity of Defendants' claims regarding their having stopped making R-value claims years prior could not have been uncovered until they reviewed these documents. They argue the newly discovered facts documenting R-value Rule violations after the Rule was amended to apply to Defendants gives Plaintiff good cause to amend the complaint.

Defendants allege that Plaintiff's claim it could not have discovered the purported violations of the R-value Rule prior to the amendment deadline ignores the fact Plaintiff has consistently alleged Defendants have made unsubstantiated claims both before and after the initial complaint was filed. Defendants disagree the claims have merit but argue Plaintiff has always believed it had sufficient evidence to allege Defendants were violating the R-value Rule.

Defendants served their responses to Plaintiff's First Set of Interrogatories and First Requests for Production on January 4, 2021. In response to Interrogatory No. 4, which

---

[24] Defendants in their Answer and in Response to Motion to Strike Affirmative Defenses (ECF No. 15) assert they stopped making R-value claims in 2014. Their Interrogatory answers, however, assert they stopped making the claims in 2011.

asked Defendants to describe the facts and evidence that provide the basis for denials in their Answer, Defendants answered in part:

> For the first fifteen-plus years of Super Therm's existence, SPI made secondary references to Super Therm having an R-value equivalency in the context of commercial and industrial users. Those references were directed almost exclusively to customers in the industrial and commercial sectors. SPI continued marketing to those sectors using secondary references to an R-value equivalency until approximately 2011, when, without any warning, demand, or communication from the FTC, it actively ceased nearly all references using R-value equivalency…By April 2019, when the FTC finally contacted SPI, the only remaining references to R-value equivalency were trivial and inconsequential and not the primary focus of SPI and/or its distributors in the marketing and promotion of Super Therm.

And again, in response to Interrogatory No. 8, which asked Defendants to describe in detail Defendants' decision to stop using R-value to advertise Super Therm, Defendants answered saying:

> Final decision made by Pritchett in 2011 (Answer should have stated 2011 rather than 2014) … based on the following:
> …
> 6. SPI did not need to reference any R-value or R-value equivalency to demonstrate the heat reduction and thermal conductivity benefits of Super Therm.

Plaintiff alleges, and Defendants do not dispute, that Defendants have not amended these answers to Interrogatories. Thus, at the time the deadline to move to amend passed, it was Defendants' stated position that they had stopped making R-value equivalency claims in marketing Super Therm in approximately 2014.

Although the R-value Rule claims in the proposed Amended Complaint are similar to the claims in the original Complaint, they occurred after the Rule became effective as to Defendants on May 13, 2020. The Court is persuaded that Plaintiff did not have a

reasonable basis for any R-value Rule claims until after the deadline for amendment where it could not have learned of the facts showing the falsity of Defendants' claims until it had time to review the 162,000+ pages of documents produced in the 30 days before the deadline ran. Where the factual basis giving rise to the claim, arguably did not arise until after the deadline to move to amend, Plaintiff has demonstrated good cause for moving to amend after the deadline set out in the Scheduling Order.

### b.      Change to underlying law

On April 22, 2021 the Supreme Court decided *AMG Capital Mgmt., LLC v. FTC* changing decades long law, no longer allowing retrospective equitable monetary damages under Section 13(b) of the FTC Act. Plaintiff argues this decision fundamentally altered the nature of remedies available in this case. Although the claim for the R-value Rule violations has been available to the FTC since shortly before suit was filed, it argues there was no need to assert the R-value Rule claims initially because they were completely duplicative of the 13(b) claims it did assert and do not cover the majority of harm caused by Defendants' violations. Plaintiff also argues that while pleading alternative theories is allowed, it is not required under Fed. R. Civ. P. 8(d).

Defendants allege Plaintiff made a strategic decision not to assert its R-value Rule claims in the initial Complaint. They argue Plaintiff was not prohibited from bringing those claims previously. Defendants, relying on *Foodbrands Supply Chain Servs., Inc. v.*

*Terracon, Inc.,*[25] allege the only time a change in law constitutes good cause is when a plaintiff was previously prohibited from bringing the claim.

The Court has reviewed the *Foodbrands* case decided by a judge on this court. In his ruling Judge O'Hara does not rely on any Tenth Circuit or District authority to support his finding that Foodbrands had not shown good cause for amendment where the previous law did not prevent Foodbrands from asserting the claim at issue in its original complaint. This Court is inclined to believe that case presented a unique situation not similar to the facts of this case. It should be noted, in the 16 years since Judge O'Hara's decision in *Foodbrands*, the case has not been cited for this or any other proposition. As such, the Court declines to accept the reasoning as applicable to this case.

Where the *AMG Capital* case changed the long-held law on the remedies available under Section 13(b) of the FTC Act, the remedies for the R-value Rule claims would have been duplicative of the pre-*AMG Capital* remedies on the originally pled claims, and because pleading alternate theories is permissive – not mandatory under Fed. R. Civ. P. 8, the Court finds the change in law provides good cause for Plaintiff to amend to add the R-value claims.

Thus, the Court finds Plaintiff has shown good faith and provided a "reasonable basis for not meeting the deadline" to move for leave to amend considering: 1) the volume of documents to be reviewed in the month prior to the deadline to amend; and 2) where after review of the documents together with the ruling in *AMG Capital*, Plaintiff moved

---

[25] No. 02-2504-CM, 2005 WL 8160592, at *4 (D. Kan. Jan. 21, 2005).

towards amendment quickly while complying with the requirement to have the FTC commissioners approve any amendment. Having found the newly discovered facts and the change in law gives Plaintiff good cause to amend, the Court turns to look at the relevant Rule 15 factors below.

**2.     Rule 15 Factors for Amendment**

**a.     Undue delay**

Plaintiff argues it moved to amend at its first opportunity. Amending a previously approved complaint requires authorization by the FTC commissioners. Plaintiff notified Defendants of its intent to recommend amendment to the commissioners on April 30, 2021, 8 days after the *AMG Capital* decision came down. There was not a full commission to vote on the recommendation until June 15, 2021. The commission approved the amendment on June 22, 2021 and Plaintiff filed the current motion the same day.

Plaintiff also alleges it promptly propounded discovery just 10 days after the scheduling conference. Responses were due January 4, 2021. On the due date Defendants produced just 638 pages of documents. Then they produced over 162,000 pages in the month prior to the deadline for amendment. Defendants finalized their initial production 54 days after it was due and just 10 days prior to the deadline to amend.

Defendants on the other hand argue: 1) Plaintiff waited 11 months after filing its initial Complaint; 2) Plaintiff knew the facts the Amended Complaint is based upon when they file in initial Complaint; and 3) Plaintiff provides no reason for its delay.

The Court finds the motion to amend was not the product of undue delay. Here Defendants produced over 162,000 pages of documents in the month before the deadline

for leave to amend passed, with over 196,000 pages were produced in total. The Court also finds persuasive Plaintiff's argument regarding the critical information from Defendant's director of engineering, Boris Minasov. Defendants did not identify Minasov in their Rule 26 disclosures or interrogatory answers. Plaintiff learned about Minasov's role in the development of Defendants' marketing materials during their document review and requested the production of his email in a second request for production on March 16, 2021. Defendants served their responses on April 15, 2021, and produced 13,000 pages of responsive document on May 10, 2021, just over 2 months after the deadline to move to amend.

Where Plaintiff reviewed the voluminous documents finding purported evidence of the R-value Rule violations, raised the issue of amendment with Defendants and the FTC commissioners shortly after the *AMG Capital* decision came down, and filed the motion for leave to amend the same day the commissioners approved amendment, approximately 3 ½ months after the deadline for leave to amend, the Court finds there was no undue delay.

### b.    Undue prejudice

Plaintiff argues the proposed R-value Rule claim alleges the same conduct as the current, Section 5 claims, i.e., (Defendants directly and indirectly made express and implied claims Super Therm and Sunshield have an R-value of 19). But the primary difference between the claims is the timeframes involved; the R-value Rule violations take place from May 13, 2020 to the present whereas Section 5 claims began in the late 1990s. Where the claims involve substantially the same conduct, Plaintiff alleges Defendants will not be unfairly affected in terms of preparing a defense to the amendment.

Defendants argue they would be unduly prejudiced because: 1) if the R-value Rule claims are added they will have to prove their customers were "wholly satisfied;" 2) they have conducted almost no discovery on this defense because it was irrelevant after the Supreme Court decided *AMG Capital*; and 3) discovery is now closed.

The only prejudice the Court sees is Defendants being unable to complete the discovery needed to support their defense that their customers were "wholly satisfied" where discovery has closed. That prejudice can be remedied by reopening discovery, which the Court intends to do. Where discovery will be reopened for a short period to allow discovery on the "wholly satisfied" affirmative defense, Defendants are not unfairly affected in terms of preparing a defense to the amendment.

### c.      Bad faith or dilatory motive

Defendants' argument that Plaintiff brings the motion to amend in bad faith is simply a restatement of its argument that Plaintiff's claim it could not have discovered the purported violations of the R-value Rule prior to the amendment deadline ignores that Plaintiff has consistently alleged Defendants have made unsubstantiated claims both before and after the initial complaint was filed. Where the Court previously found the factual basis giving rise to the claim, arguably did not arise until after the deadline to move to amend, and Plaintiff has demonstrated good cause for moving to amend after the deadline set out in the Scheduling Order, it also finds no bad faith or dilatory motive.

### d.      Futility

Finding Plaintiff's request to amend is timely, lacks bad faith, no undue prejudice exists, and although neither party addressed this factor, the Court must finally consider

whether the amendment would be futile. As the party opposing amendment, Defendant bears the burden of establishing its futility.[26] "A proposed amendment is futile if [the proposed claim] would be subject to dismissal."[27] The proposed pleading is then analyzed using the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). When utilizing this standard, "the court must accept as true all well-pleaded factual allegations and view them in the light most favorable to the pleading party."[28] Only if the court finds "the proposed claims do not contain enough facts to state a claim for relief that are plausible on their face or the claims otherwise fail as a matter of law"[29] should the court find the amendment futile.

Here, neither party makes any argument with regard to the futile nature of Plaintiff's proposed amendment. Thus, the court need not create arguments on behalf of either party, and will neutralize this factor in the light most favorable to Plaintiff.

## III.   Conclusion

Leave to amend shall be freely given when justice so requires and the decision to allow an amendment is within the sound discretion of the court. At the July 14, 2021 status conference, the Court told Plaintiff they had a hill to climb on this motion, and they

---

[26] *Neonatal Prod. Grp., Inc. v. Shields*, No. 13-2601-DDC, 2015 WL 1957782, at *2 (citing *Boykin v. CFS Enter., Inc.,* No. 08–2249–CM, 2008 WL 4534400, at *1 (D. Kan. Oct. 6, 2008)).

[27] *BAC Local Union 15 Welfare Fund v. McGill Restoration, Inc.*, No. 16-CV-2082-JAR, 2016 WL 7179464, at *3 (D. Kan. Dec. 9, 2016) (citing *Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008)).

[28] *Carefusion 213*, 2010 WL 4004874, at *5 (citing *Anderson v. Suiters,* 499 F.3d 1228, 1238 (10th Cir. 2007) (internal citations omitted)).

[29] *Id*. (citing *Raytheon Aircraft Co. v. U.S.,* 501 F. Supp. 2d 1323, 1327 (D. Kan. 2007); *see also Burnett v. Mortgage Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))).

have done so. Their reply sets forth much greater detail regarding the bases for the R-value Rule violations and when the supporting facts came to be known. Good cause has been shown and the most important Rule 15 factor, undue prejudice, can be overcome by reopening discovery.

**IT IS THEREFORE ORDERED** that Plaintiff FTC's Motion for Leave to Amend its Complaint **(ECF No. 69)** is **GRANTED.**

The Court ordered the Plaintiff to file its Amended Complaint within 10 days after oral argument.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 27th day of December, 2021.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge